UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QING ZHONG,<br><br>                    Plaintiff,<br><br>          v.<br><br>QUALITY LOAN SERVICE CORP.<br>OF WASHINGTON, et al.,<br><br>                    Defendants. | CASE NO. C13-0814JLR<br><br>ORDER GRANTING MOTIONS<br>TO DISMISS |

Before the court is Defendants' Wells Fargo Bank, N.A. ("Wells Fargo"), JP Morgan Chase Bank, N.A. ("Chase"), Central Pacific Mortgage Company ("Central Pacific"), MERSCORP Holdings, Inc., and Mortgage Electronic Registration Systems, Inc. (together, "MERS"), motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. (Dkt. # 8).) Defendant Quality Loan Service Corp. of Washington ("Quality Loan") joins this motion to dismiss. (Quality Mot. (Dkt. # 9).) Having

ORDER- 1

considered the parties' motions, the balance of the record, and the governing law, the court GRANTS both motions to dismiss.

## I.  BACKGROUND

On September 20, 2006, Plaintiff Qing Zhong executed a $536,000.00 Interest-Only Adjustable Rate Note ("Note"). (Compl. (Dkt. # 4-3) ¶ 3.2.) The Deed of Trust ("Deed") securing the Note identifies Central Pacific Mortgage Company as the lender, Chicago Title Company as the trustee, and MERS as the beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns." (Mot. Ex. B.) This Deed encumbers Ms. Zhong's property located at 212 108th Avenue SE, Bellevue, Washington, 98004. (*Id.*) On June 24, 2012, MERS assigned its interest in the Deed to Wells Fargo in a Corporate Assignment of Deed of Trust ("Assignment"). (Compl. Ex. 2.) Wells Fargo holds the Note as trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5 Mortgage Pass through Certificates, Series 2006-AR5 ("Trust"). (*Id.* ¶ 3.14.) On August 22, 2012, Wells Fargo appointed Quality Loan as successor trustee in an Appointment of Successor Trustee ("Appointment"). (*Id.* Ex. 3.)

Ms. Zhong defaulted on her loan in September 2012. (*Id.* ¶ 3.7.) After she failed to cure her default, Quality Loan recorded a Notice of Trustee's Sale on December 10, 2012. (*Id.* ¶ 3.18, Ex. 4.) The trustee's sale was originally scheduled for April 12, 2013. (*Id.*) After Ms. Zhong filed this complaint, Quality Loan postponed the trustee's sale. (Mot. at 14.)

ORDER- 2

Ms. Zhong filed her original complaint in state court on April 5, 2013.  (*See* Compl.)  In her complaint, Ms. Zhong alleges 10 causes of action in connection with the initiation of the non-judicial foreclosure of her property.  (*See generally id.*)  Specifically, she brings claims for (1) wrongful foreclosure under the Washington Deed of Trust Act ("DTA"), RCW 61.44, (2) violation of Washington's Consumer Protection Act ("CPA"), (3) negligence and breach of the duty of good faith and fair dealing, (4) a request for injunctive relief, (5) a request for declaratory judgment, (6) cloud of title, (7) quiet title, (8) predatory lending, (9) emotional distress, and (10) unjust enrichment.  Defendants removed the case to federal court, and now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (*See* Not. of Removal (Dkt. # 4); Mot.; Quality Mot.)

## II.   ANALYSIS

### A.   Standard for Dismissal under Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it is not enough that a claim for relief be merely "possible" or "conceivable"; instead, it must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim for relief is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer

ORDER- 3

possibility that a defendant has acted unlawfully." *Id.* To cross the line from conceivable to plausible, a complaint must contain a sufficient quantum of "factual matter" alleged with a sufficient level of specificity to raise entitlement to relief above the speculative level. *Twombly*, 550 U.S. at 555. The court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must do more than tender "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**B.  Overarching Theories**

In opposing Defendants' motion to dismiss, Ms. Zhong rehashes well-worn arguments that courts have repeatedly rejected.[1] (*See generally* Resp. (Dkt. # 10).) Several of Ms. Zhong's causes of action are premised on the same set of meritless theories. In the interests of efficiency, the court addresses each common theory in turn below. To the extent a cause of action does not depend one of these theories, the cause of action is discussed individually in Section C, *infra*.

---

[1] Ms. Zhong's response was untimely filed and is over-length. *See* Local Rules W.D. Wash. CR 7(d)(3), (e)(3). Defendants request that the court strike Ms. Zhong's brief. (Reply (Dkt. # 12) at 5.) The court is persuaded that the ends of justice are best served by considering the entire response. However, the court notes that Ms. Zhong's attorneys have recently exhibited a pattern of filing untimely and/or overlength responses. *See, e.g.*, Plaintiff's Response, *Howard v. Countrywide Home Loans, Inc.*, C13-0133JLR, 2013 WL 1285859 (W.D. Wash. Mar. 26, 2013); Plaintiff's Response, *Reid v. Countrywide Home Loans, Inc.*, C13-436 TSZ, 2013 WL 2099608 (W.D. Wash. May 14, 2013). Ms. Zhong's attorneys are advised that any further disregard for the local rules may merit sanctions.

ORDER- 4

1. "Split the Note" Theory

Ms. Zhong presents two variations of this theory. First Ms. Zhong argues that, because ownership of the Deed was "split" from ownership of the underlying Note, one or both of these documents is unenforceable. (*See, e.g.*, Compl. ¶¶ 3.16, 4.2, 8.2.) In *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044-45 (9th Cir. 2011), the Ninth Circuit explained that this theory has no sound basis in law or logic and should be rejected. *Id.* The Ninth Circuit explained that splitting a note from a deed of trust is not problematic as long as, at the time of foreclosure, the party attempting to foreclose holds the note or is acting on behalf of the note-holder. *Id.* In other words, a split does not render the note or the deed permanently unenforceable. *See id.* The "split the note" theory has been rejected not only by the Ninth Circuit, but by the Washington Supreme Court, too. *See Bain v. Metropolitan Mortg. Grp., Inc.*, 285 P.3d 34, 48 (Wash. 2012) ("If, for example, MERS is in fact an agent for the holder of the note, likely no split would have happened."). Accordingly, the court rejects this theory.

Second, in a variation on this theme, Ms. Zhong argues that "the assignment of beneficial interest in the [Deed] from MERS to Wells Fargo was void because MERS cannot be a beneficiary to a [Deed] in the State of Washington and, therefore, any attempt to assign it by MERS is a nullity." (Resp. at 5.) The upshot of this argument is that, since the Assignment to Wells Fargo was a "nullity," Wells Fargo, and by extension, Quality Loans, unlawfully initiated foreclosure proceedings against Ms. Zhong. (Compl. ¶¶ 3.10-13, 4.2-4.7.) This theory relies on the Washington Supreme Court's holding in *Bain* that MERS is not an eligible beneficiary under the DTA. *See Bain*, 285 P.3d at 47.

1  But *Bain* also held that a deed of trust naming MERS as a beneficiary is not automatically
2  unenforceable. *Id.* To the contrary, the court in *Bain* explicitly held that MERS may act
3  as an agent of the note-holder. *Id.* Here, MERS was designated on the Deed as a
4  beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns."
5  (Mot. Ex. B.)
6        Ms. Zhong cites no authority for her assertion that MERS is incapable of
7  transferring its interest in a deed of trust. In fact, this court in *Wilson v. Bank of America*
8  recently dismissed a plaintiff's claims premised on the "conclusory allegation that MERS
9  did not have the authority to transfer the Deed of Trust." *Wilson v. Bank of Am., N.A.*,
10  C12-1532JLR, 2013 WL 275018, at *8 (W.D. Wash. Jan. 24, 2013). Accordingly, the
11  court rejects this theory as well.
12        2.  <u>Robo-signing Theory</u>
13        Ms. Zhong alleges that the Appointment and the Assignment are void because
14  these documents were "forged" by "robo-signors." (Compl. ¶¶ 4.4, 6.7.) Ms. Zhong,
15  however, does not plead any facts showing that the employees who signed these
16  documents on behalf of Wells Fargo or MERS lacked the authority to do so. Moreover,
17  Ms. Zhong does not set forth any legal authority that such signatures would render the
18  Appointment or Assignment void. To the contrary, courts routinely reject "robo-signing"
19  as a cognizable legal theory. *See, e.g.*, *Bain v. Metro. Mortg. Group, Inc.*, 2010 WL
20  891585, at *6 (W.D. Wash. 2010) ("There is simply nothing deceptive about using an
21  agent to execute a document, and this practice is commonplace in deed of trust actions.").
22

ORDER- 6

Even assuming that the documents were fraudulently executed, Ms. Zhong, as a borrower and third party to the transactions, lacks standing to challenge the Assignment and the Appointment. *See Ukpoma v. U.S. Bank Nat. Ass'n*, 12-CV-0184-TOR, 2013 WL 1934172 (E.D. Wash. May 9, 2013) (dismissing morgtagor's allegations of "robo-signing" for lack of standing to challenge the transaction); *Brodie v. Nw. Tr. Servs., Inc.*, 12-CV-0469-TOR, 2012 WL 6192723, at *2 (E.D. Wash. Dec. 12, 2012); (collecting cases dismissing borrower's claims of "robo-signing" for lack of standing to challenge the transaction). Accordingly, the court rejects this theory.

### 3. Pooling Agreement Theory

Ms. Zhong alleges that the assignment of her loan to the Trust violated the Pooling and Service Agreement that governs the Trust. (Compl. ¶¶ 3.15, 6.7.) Once again, Ms. Zhong lacks standing to enforce the terms of an agreement to which she is not a party. *See Mikhay v. Bank of Am.*, 2:20-cv-01464RAJ, 2011 WL 167064, at *2 (W.D. Wash. Jan. 12, 2011) ("Plaintiffs do not cite any obligation on [defendant] to inform Plaintiffs of its compliance with [the trust agreement] or explain why the burden . . . should be on [the defendant] to prove the propriety of its conduct."); *Brodie*, 2012 WL 4468491, at *4 (E.D. Wash Sept. 27, 2011) (collecting cases). Therefore, the court rejects this theory.

### 4. REMIC Theory

Ms. Zhong alleges that the "Trust is classified as a Real Estate Mortgage Investment Conduit, ('hereinafter REMIC')" and that, to qualify as a REMIC, the trust "must actually own the notes and mortgages held by the Trust." (Compl. ¶ 3.17.) Ms Zhong reasons that "because the Note and DOT were not timely endorsed and/or

assigned into the Trust, the Trust . . . is not entitled to receive income therefrom or a tax exemption for that income." (*Id.*) Ms. Zhong alleges no facts in her complaint, and providesno argument or authority in her response, explicating these conclusory allegations. To the extent this theory relies on Ms. Zhong's "split the note" theory as the reason the loan was not properly assigned, it necessarily fails. Moreover, it is beyond dispute that Ms. Zhong does not have standing to challenge the tax status of a third party. Accordingly, the court rejects this theory.

**C.      Individual Causes of Action**

The disposition of each of Ms. Zhong's claims is discussed below.

1. <u>Wrongful foreclosure under the DTA</u>

Ms. Zhong's claim for wrongful foreclosure under the Washington Deed of Trust Act is premised entirely on her erroneous "split the note" and "robo-signing" theories. Accordingly, the court dismisses Ms. Zhong's claim for wrongful foreclosure.[2]

2. <u>Violations of the CPA</u>

To show a CPA claim, a plaintiff must allege (1) an unfair or deceptive trade practice; (2) that occurs in trade or commerce; (3) an impact on the public interest; (4) injury to the plaintiff in his or her business or property; and (5) a causal link between the

---

[2] Defendants argue that Ms. Zhong fails to state a claim under the DTA because "Washington does not recognize a cause of action for wrongful foreclosure initiation, where, as here, no trustee's sale has occurred." (Mot. at 15.) The District Court for the Western District of Washington recently certified to the Washington Supreme Court the question of whether a plaintiff can recover damages under the Deed of Trust Act for an initiated but uncompleted trustee sale. *See Frias v. Asset Foreclosures Servs., Inc.*, No. 13-cv-0760, Order Certifying Questions to the Washington Supreme Court ( Dkt. # 48) (W.D. Wash. Sept. 25, 2013). Accordingly, the court abstains from ruling on this argument.

ORDER- 8

unfair or deceptive act and the injury suffered.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986).

First and foremost, Ms. Zhong's CPA claim is time-barred to the extent that it alleges that Defendants' misrepresentations or actions at the time the loan originated in September 2006 constitute the requisite unfair or deceptive trade practice.  (Compl. ¶¶ 3.3-3.15, 3.21.)  There is a four-year statute of limitations for claims brought under the CPA.  R.C.W 19.386.120.  As such, Ms. Zhong's complaint, filed in April 2013, is almost three years too late.

The discovery rule is of no use to Ms. Zhong.  *See Richardson v. Denend*, 795 P.2d 1192, 1194 (Wash. Ct. App. 1990) ("The discovery rule merely tolls the running of the statute of limitations until the plaintiff has knowledge of the 'facts' which give rise to the cause of action; it does not require knowledge of the existence of a legal cause of action itself.")  Ms. Zhong claims she did not learn of the alleged misrepresentations (such as listing MERS as a beneficiary) until foreclosure was initiated in 2012.  (Resp. at 25-26.)  However, Ms. Zhong could have learned of these facts at any time simply by reading her loan papers.  *See Howard v. Countrywide Home Loans, Inc.*, C13-0133JLR, 2013 WL 1285859 (W.D. Wash. Mar. 26, 2013) (finding no basis for tolling a CPA claim regarding statements in the loan papers); *Green v. A.P.C.*, 960 P.2d 912, 915 (Wash. 1998) ("A cause of action may accrue for purposes of the statute of limitations if a party should have discovered salient facts regarding a claim.")  Therefore, Ms. Zhong cannot state a claim for relief premised on Defendants' alleged misrepresentations at the time of the loan's origination.

ORDER- 9

Furthermore, to the extent Ms. Zhong's claim is predicated on her erroneous "robo-signing" and "split the note" theories, this claim must fail. Beyond that, the complaint provides only the vague and conclusory allegation that "[a]ll of the Defendants have . . . engaged in a pattern of unfair business practices to confuse, mislead and misinform the Plaintiff." (Compl. ¶ 5.2.) To survive a motion to dismiss, a complaint must do more than tender "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). But Ms. Zhong does not provide any further explication of what "unfair or deceptive trade practices" by Defendants (that occurred after the origination of the loan) form a basis for her CPA claim. Therefore, the court dismisses Ms. Zhong's CPA claims.

### 3. Breach of the Duty of Good Faith

"There is in every contract an implied duty of good faith and fair dealing. This duty obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Badgett v. Security State Bank*, 807 P.2d 356, 360 (Wash. 1991). This duty, however, does not "inject substantive terms into the parties' contract," nor does it "extend to obligate a party to accept a material change in the terms of its contract." *Id*. Rather, the duty "requires only that the parties perform in good faith the obligations imposed by their agreement." *Id*. Accordingly, the duty is not "free-floating," but "exists only in relation to performance of a specific contract term." *Id*.

In her complaint, Ms. Zhong alleges that various Defendants breached this implied covenant of good faith by, in turn, failing to disclose material terms of the loan, failing to follow standard industry underwriting procedures, prolonging the modification process,

and identifying MERS as a beneficiary. (Compl. ¶¶ 3.8, 6.3, 6.5, 6.6.) Ms. Zhong, however, has failed to identify which terms of the loan give rise to her claim. Therefore, she has failed to state a cognizable legal claim. *See, e.g.*, *Chapel v. BAC Home Loans Serv., LP*, No. C11–5882BHS, 2012 WL 727135, at *4 (W.D. Wash. Mar. 6, 2012) (dismissing claim "based on [Plaintiff's] failure to show which terms of the contract give rise to a claim for breach of the duty of good faith and fair dealing."); *Gossen v. JPMorgan Chase Bank*, No. C11–05506 RJB, 2011 WL 4939828, at *7 (W.D. Wash. Oct. 18, 2011) (dismissing claim for breach of duty of good faith and fair dealing because plaintiffs "fail[ed] to identify any contract provision that [the bank] or [the trustee] failed to perform").

In her response, Ms. Zhong argues at length that Quality Loan breached its duty of good faith to Ms. Zhong. (Resp. at 14-15, 26-27.) A trustee's duty of good faith to a mortgagor is not contractual, but rather arises under the Deed of Trust Act. *See* RCW 61.24.010 (4) ("The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor.") Here, the only defects that Ms. Zhong identifies in the foreclosure process rely on her untenable "split the note" and "robo-signer" theories. The failure to identify any other incorrect action by Quality Loan is fatal to Ms. Zhong's allegation that Quality Loan breached its statutory duty of good faith. Therefore, the court dismisses Ms. Zhong's claim for breach of the duty of good faith.

4. <u>Negligence</u>

To the extent this claim relies on Ms. Zhong's "split the note," "robo-signing," and "pooling agreement" theories, it necessarily fails. (*See* Compl. ¶¶ 6.6-6.7.) Accordingly,

ORDER- 11

1 the court dismisses Ms. Zhong's negligence claims against Wells Fargo, Quality Loan,
2 and Chase.

3 Regarding Central Pacific, Ms. Zhong also alleges that Central Pacific breached its
4 alleged duties as a lender to (1) disclose all material terms of the loan, and (2) to follow
5 standard industry underwriting procedures to place Ms. Zhong into a loan that Central
6 Pacific "knew" she could afford.³ (Compl. ¶ 6.1-6.5.) Since the material terms of the
7 loan were in fact disclosed in the loan papers, Ms. Zhong cannot now complain that she
8 was not made aware of them. *See Howard*, 2013 WL 1285859, at *1 (dismissing
9 negligence claim because "[plaintiffs] claim they were misled about the terms of their
10 loan, but they could have learned about those terms simply by reading their loan papers.")
11 Additionally, Ms. Zhong has identified no support for her arguments that Central Pacific
12 owed her a duty to ensure she could afford the loan or that the loan "would be a sound
13 investment for her." (Compl. ¶ 6.2.)

14 Even assuming Central Pacific owed such a duty, Ms. Zhong's claim is barred by
15 the three year statute of limitations set forth in RCW 4.16.080(2). *See Massey v. BAC*
16 *Home Loans Servicing*, No. 12-cv-1314, Order Granting in Part and Denying in Part
17 Motions to Dismiss (Dkt. # 37) at 7 (W.D. Wash. Feb. 12, 2013) (dismissing negligence
18 claim based on underwriting due diligence under RCW 4.16.090(2)). Aside from her
19 "split the note" theory, Ms. Zhong's claim relies on her allegations that Central Pacific
20 failed to perform underwriting due diligence or otherwise act in good faith when the loan

21 ───────────────

22

originated in September, 2006.  As such, Ms. Zhong's original complaint in state court, filed in April, 2013, was more than three years too late.

Again, there is no basis for tolling here.  The salient facts that give rise to this cause of action are the terms of the Note found within the four corners of the document.  Ms. Zhong should have discovered the salient facts regarding her claim when she executed the Note.  *See Nat'l Bank of Wash. v. Equity Investors*, 506 P.2d 20 (Wash. 1973) ("[A] party to a contract which he has voluntarily signed will not be heard to declare that he did not read it, or was ignorant of its contents.").  Accordingly, the court also dismisses Ms. Zhong's negligence claim against Central Pacific.

     5.  <u>Quiet Title and Cloud of Title</u>

Inasmuch as Ms. Zhong's quiet title and cloud of title claims rely on her "split the note" and "robo-signing" theories, they necessarily fail.  (Compl. ¶¶ 9.2, 9.3.)  Ms. Zhong's claims also fail because she is unable to establish that she has a right to possession of the property at issue.

In Washington, quiet title and cloud of title actions are governed by RCW 7.28.010.  "RCW 7.28.010 requires that a person seeking to quiet title establish a valid subsisting interest in property and a right to possession thereof." *Wash. Sec. & Inv. Corp. v. Horse Heaven Heights, Inc.*, 130 P.3d 880, 884 (Wash. Ct. App. 2006); *see also Desimone v. Spence*, 318 P.2d 959, 961 (Wash. 1957) ("The plaintiff in an action to quiet title must succeed on the strength of his own title and not on the weakness of his adversary.")  Accordingly, to "maintain a quiet title action against a mortgagee, a plaintiff must first pay the outstanding debt on which the subject mortgage is based." *Kwai Ling*

ORDER- 13

*Chan v. Chase Home Loans Inc.*, C12-0273JLR, 2012 WL 1252649 (W.D. Wash. Apr. 13, 2012); *see also Evans v. BAC Home Loans Servicing, LP*, No. C10-0656RSM, 2010 WL 5138394, at *3 (W.D. Wash. Dec. 10, 2010) ("Plaintiffs cannot assert an action to quiet title against a purported lender without demonstrating they have satisfied their obligations under the Deed of Trust.").

Ms. Zhong does not contend that she has paid the debt owed on the Note. To the contrary, Ms. Zhong's complaint shows that she defaulted on the loan. (Compl. ¶¶ 3.8, 3.18; *see also* Mot. at 14). Therefore, court dismisses Ms. Zhong's quiet title and cloud of title claims.[4]

### 6. Declaratory Judgment

To establish a claim for declaratory relief, there must be: (1) a substantial controversy, (2) between two parties having adverse legal interests, (3) of sufficient immediacy and reality to warrant an issuance of declaratory judgment. *Evers v. Dwyer*, 358 U.S. 202, 203 (1958). Ms. Zhong requests that the court enter various judicial determinations and declarations pertaining to her "split the note" theory. (Compl. ¶ 8.2.) As discussed above, this theory does not hold water. Since all causes of action relying on the "split the note" theory are dismissed, there is no "substantial controversy" for the

---

[4] Ms. Zhong raises for the first time in her response a cause of action for slander of title. (Resp. at 29.) The elements of this claim are: (1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss. *Rorvig v. Douglas*, 873 P.2d 492, 496 (Wash. 1994). Ms. Zhong did not include a claim for slander of title in her complaint, but if she had, it would fail for the same reason her quiet title and cloud of title claims fail: Ms. Zhong does not have title to the property at issue.

ORDER- 14

court to adjudicate. Therefore, the court dismisses Ms. Zhong's declaratory judgment claim.

7. Injunctive Relief

It is well-established that "a claim for 'injunctive relief' standing alone is not a cause of action." *Chan*, 2012 WL 1576164, *7 (W.D. Wash. 2012); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); *Henke v. ARCO Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."). Therefore, the court dismisses Ms. Zhong's claim for injunctive relief.[5]

8. Predatory Lending

Predatory lending does not exist as a cause of action in the state of Washington. *See Massey v. BAC Home Loans Servicing LP*, C12-1314JLR, 2012 WL 5295146, at *8 (W.D. Wash. Oct. 26, 2012); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); s*ee also Kwai Ling Chan*, 2012 WL 1252649, at *9 (dismissing claim because "[t]he court was unable to uncover any authority for the existence of [a predatory lending] cause of action in Washington either."). Indeed, Ms. Zhong is unable to marshal any legal authority to support her "predatory lending" claim. (*See generally* Resp.) Therefore, the court dismisses Ms. Zhong's claim for predatory lending.

---

[5] To the extent Ms. Zhong is later able to amend her complaint to establish any cognizable cause of action, she may be entitled to request injunctive relief as a remedy at that time.

ORDER- 15

9. Emotional Distress

Ms. Zhong's complaint also does not state a claim for either intentional or negligent infliction of emotional distress. The elements of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to plaintiff of severe emotional distress." *Rice v. Janovich*, 742 P.2d 1230, 1238 (Wash. 1987). To meet the first prong, the alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003).

Ms. Zhong's allegations do not establish that Defendants' conduct even approaches the level of atrocity, utter intolerability, or indecency contemplated by this standard. *See, e.g.*, *Vawter v. Quality Loan Serv. Corp. of Washington*, 404 F. Supp. 2d 1115, 1128 (W.D. Wash. 2010) (dismissing claim against a bank and MERs because their "actions in connection with the nonjudicial foreclosure process, as alleged . . . do not involve physical threats, emotional abuse, or other personal indignities aimed at the [plaintiffs]."); *Hernandez v. Response Mortg. Serv., Inc.*, 2011 WL 6884794, *3 (W.D. Wash. 2011) ("[Plaintiff's] claim for Emotional Distress is insufficient as a matter of law; he has not alleged any conduct that is so outrageous as to be beyond all possible bounds of decency.") Accordingly, Ms. Zhong fails to state a claim for intentional infliction of emotional distress.

The elements of negligent infliction of emotional distress are "negligence, that is, duty, breach of the standard of care, proximate cause, and damages, and . . . the

ORDER- 16

additional requirement of objective symptomology." *Strong v. Terrell*, 195 P.3d 997, 982 (Wash. Ct. App. 2012). To show "objective symptomology," a plaintiff must allege that her distress is accompanied by objective symptoms that are "susceptible to medical diagnosis and proved through medical evidence." *Id.* at 983 (quoting *Kloepfel,* 66 P.3d 630).

Here, Ms. Zhong does not allege any objective symptoms of emotional distress. Moreover, as discussed in section C(4), *supra*, Ms. Zhong's complaint also fails to allege a claim for negligence. Therefore, the complaint does not state a claim for negligent infliction of emotional distress. For these reasons, the court dismisses Ms. Zhong's claim for emotional distress.

10. Unjust Enrichment

Under Washington law, there are three elements to an unjust enrichment claim: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008).

Unjust enrichment claims will not lie where express contracts, such as the Note and Deed, govern the parties' rights. *See Campidoglio LLC v. Wells Fargo & Co.*, 2012 WL 5844693, *4 (W.D. Wash.). Accordingly, Ms. Zhong's allegations that the mortgage has been paid "in full or in part" through her payments and through Central Pacific's insurance policies are insufficient to state a claim for unjust enrichment. (Compl. ¶ 14.4.)

Any payment made by Ms. Zhong was required and governed by her loan contract, and is therefore not a basis for an unjust enrichment claim. And any payments by third parties are, by definition, not a benefit conferred on Defendants *by* Ms. Zhong.

Ms. Zhong's conclusory allegation that Central Pacific "has unlawfully charged interest and fees to Plaintiff and increased the principal of her loan in excess of the amount originally disclosed and agreed to by Plaintiff in her loan documents" is also insufficient. (*Id.* ¶ 14.2.) Ms. Zhong provides no factual support for her naked assertion that the charges were "unlawful." (*See id.*) As discussed in Section C(4), the loan documents disclose the material terms of the loan, including the fact that loan allows for negative amortization. And Ms. Zhong's "split the note" theory that the loan is invalid is erroneous. To survive a motion to dismiss, a complaint must do more than tender "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Here, Ms. Zhong has failed to allege a benefit unjustly retained by Defendants. Therefore, the court dismisses her claim for unjust enrichment.

**D.     Leave to Amend**

The court concludes that leave to amend would be futile for the following claims: quiet title, cloud of title, and predatory lending. The court grants Ms. Zhong leave to amend her Complaint as to the remaining claims within 10 days of the date of this order. If she does not do so, the court will dismiss the complaint in its entirety.

//

//

//

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motions (Dkt. # 8, Dkt. # 9) and DISMISSES the complaint.

Dated this 6th day of October, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 19